| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CHARLES EDWARD TURNER, § § Plaintiff, § § *versus* § § D. LORIMER, *et al.*, § § Defendants. § | CIVIL ACTION NO. 1:05-CV-387 |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Charles Edward Turner, an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against D. Lorimer and V. Davis.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

An inmate does not have a protectable liberty or property interest in custodial classification, and an inmate's disagreement with a classification is insufficient to establish a constitutional violation. *See Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir.1995); *Wilson v. Budney,* 976 F.2d 957 (5th Cir.1992)*; see also McKune v. Lile,* 536 U.S. 24, 39, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) ("It is well settled that the decision where to house inmates is at the core

of prison administrators' expertise."); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (convicted prisoner has no right to incarceration in any particular prison).

Plaintiff asserts in his objections that it was a violation of his Equal Protection rights "by not making [him] what everyone else was coming into the TDCJ system." In order to state a claim of discrimination under the Equal Protection clause and Section 1983, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir.2001).

Plaintiff has not demonstrated that he is a member of an identifiable group or that he was treated differently than other similarly situated individuals. Plaintiff also failed to show that the defendants acted with a discriminatory purpose. Thus, any equal protection claim is without merit.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 18th day of October, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE